# UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

CINDY BRADEN,

    Plaintiff

v.

STATE FARM MUTUAL AUTO
INSURANCE COMPANY,

    Defendant

Case No.: 2:18-cv-01741-APG-NJK

**Order Denying Defendant's Motion to
Dismiss**

[ECF No. 6]

Defendant State Farm Mutual Automobile Insurance Company moves to dismiss two of the four causes of action in plaintiff Cindy Braden's complaint. State Farm argues that Braden's claim for violations of the Nevada Unfair Claim Practices Act ("UCPA") fails to identify the specific subsections that were violated and lacks a sufficient factual basis. *Id.* State Farm also argues that Braden's unjust enrichment claim should be dismissed because it is necessarily precluded by her breach of contract claim. *Id.*

I deny State Farm's motion to dismiss. The defendants can reasonably infer that Braden is alleging violations of Nevada Revised Statutes § 686A.310 subsections (c) and (e). Braden's unjust enrichment claim is pleaded in the alternative to her contractual claim. And Braden supports her claims with sufficient facts in her complaint.

## I. BACKGROUND

Braden claims she suffered serious injuries from an automobile accident on July 17, 2016. ECF No. 1. Although the other driver was at fault, he did not have insurance coverage. Braden, however, had an uninsured motorist coverage policy with State Farm. Braden alleges she incurred nearly $70,000 in medical expenses due to the accident and she will require

additional treatment in the future, including reconstructive surgery that will cost approximately $351,000. On March 23, 2018, Braden demanded that State Farm pay under her policy. State Farm requested an independent medical examination, to which Braden complied. On June 1, 2018, State Farm offered to pay Braden $10,362. *Id.* at 14-16.

Braden sues State Farm for failure to pay in accordance with the insurance policy. She asserts four claims: (1) breach of contract, (2) contractual breach of the implied covenant of good faith and fair dealing, (3) violation of the UCPA; and (4) unjust enrichment in the alternative. Braden seeks punitive damages under the first three claims, arguing that State Farm's conduct was malicious and oppressive. *Id.* at 16-19.

## II. LEGAL STANDARD

A properly pleaded complaint must provide a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). While Rule 8 does not require detailed factual allegations, it demands more than "labels and conclusions" or a "formulaic recitation of the elements of a cause of action." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). The complaint must set forth coherently "who is being sued, for what relief, and on what theory, with enough detail to guide discovery." *See, e.g., McHenry v. Renne*, 84 F.3d 1172, 1178 (9th Cir. 1995). "Factual allegations must be enough to rise above the speculative level." *Twombly*, 550 U.S. at 555. To survive a motion to dismiss, a complaint must "contain[] enough facts to state a claim to relief that is plausible on its face." *Iqbal*, 556 U.S. at 696 (internal quotation marks and citation omitted).

District courts must apply a two-step approach when considering motions to dismiss. *Id.* at 679. First, the court must accept as true all well-pleaded factual allegations and draw all reasonable inferences from the complaint in the plaintiff's favor. *Id.*; *Brown v. Elec. Arts, Inc.*,

724 F.3d 1235, 1247–48 (9th Cir. 2013).  Legal conclusions, however, are not entitled to the same assumption of truth even if cast in the form of factual allegations. *Iqbal*, 556 U.S. at 679; *Brown*, 724 F.3d at 1248.  Mere recitals of the elements of a cause of action, supported only by conclusory statements, do not suffice. *Iqbal*, 556 U.S. at 678.

Second, the court must consider whether the factual allegations in the complaint allege a plausible claim for relief. *Id.* at 679.  A claim is facially plausible when the complaint alleges facts that allow the court to draw a reasonable inference that the defendant is liable for the alleged misconduct. *Id.* at 663.  Where the complaint does not permit the court to infer more than the mere possibility of misconduct, the complaint has "alleged—but it has not shown—that the pleader is entitled to relief." *Id.* at 679 (internal quotation marks and citation omitted).  When the claims have not crossed the line from conceivable to plausible, the complaint must be dismissed. *Twombly*, 550 U.S. at 570.  "Determining whether a complaint states a plausible claim for relief will . . . be a context-specific task that requires the [district] court to draw on its judicial experience and common sense." *Iqbal*, 556 U.S. at 679.

## III.  VIOLATION OF UNFAIR CLAIMS PRACTICES ACT

State Farm argues that the complaint does not identify which specific subparts of Nevada Revised Statutes § 686A.310 it allegedly violated, so it does not know which subparts serve as the foundation for the cause of action. *Id*. at 6-7.  State Farm also argues that the complaint does not include allegations or facts that could be interpreted as a violation of any of the subparts of § 686A.310.  It posits that the UCPA was intended to provide relief for acts that an insurer engaged in during the handling of the claim but that the present conflict stems from an alleged failure to pay, which is covered by Braden's breach of contact claim.

Braden responds that she is not required to specify which subsections were violated because the court and State Farm can draw reasonable inferences from the allegations in the complaint that State Farm violated § 686A.310(c) and § 686A.310(e). ECF No. 8 at 6-8.  A

The Complaint alleges that State Farm "among other things, fail[ed] to effectuate prompt, fair, and equitable settlements of claims in which liability of the insurer has become reasonably clear, and fail[ed]  to adopt and implement reasonable standards for the prompt investigation and processing of claims arising under insurance policies." ECF No. 1 at 6.  This language mirrors subparts (e) and (c) of § 686A.310, and it can be reasonably inferred that Braden based her claim on these two subsections.  Additionally, the supporting facts presented in the complaint are sufficiently support her claim and are not mere recitals of the elements of the cause of action.  I therefore deny State Farm's motion to dismiss Braden's claim for violations of the UCPA.

**IV. UNJUST ENRICHMENT**

State Farm argues that a claim for unjust enrichment can survive only if there is an implied agreement between the parties, and it therefore must fail if there is an express agreement. State Farm contends that because Braden alleges that there is a valid contract between the parties, she cannot assert a claim for unjust enrichment.  State Farm further posits that even though the claim is pled in the alternative, the claim must fail because Braden does not allege any facts in the alternative suggesting that there was never a contract between the parties.  ECF Nos. 6 at 7-8; 11 at 4-5.  Braden responds that she can plead alternative and even inconsistent claims under Federal Rule of Civil Procedure 8(d)(2)-(3)'s liberal pleading policy.  And although she will ultimately not be able to recover on both theories, dismissal is inappropriate at this stage. ECF No. 8 at 8-10.

"An action based on a theory of unjust enrichment is not available when there is an express, written contract" between the parties. *Leasepartners Corp. v. Robert L. Brooks Trust*, 942 F.2d 182 (Nev. 1997). However, Federal Rule of Civil Procedure 8(d)(2)-(3) permits "[a] party [to] set out 2 or more statements of a claim or defense alternatively or hypothetically" and "state as many separate claims . . . as it has, regardless of consistency." This includes simultaneous claims for breach of contract and unjust enrichment. *See Marquis Aurbach Coffing, P.C. v. Dorfman*, No. 2:15–cv–00701–JCM–NJK, 2015 WL 6174346, at *4 (D. Nev. 2015) ("[A] party may state a claim for breach of contract, premised on the existence of a valid contract, and state a claim for unjust enrichment, premised on the nonexistence of a valid contract."). Braden explicitly pleads her unjust enrichment claim in the alternative, and she presents alternative facts that sufficiently support the claim. Unlike some cases in this District where the court dismissed unjust enrichment claims, Braden appears to believe that the existence of the contract may still be disputed by the parties. *See Schmall v. Gov. Employees Ins. Co.*, 240 F. Supp. 3d 1093, 1098 (D. Nev. 2016); *Ins. Co. Penn. v. Three Square*, No.: 2:14–cv–00344–GMN–CWH, 2016 WL 6106720, at * 2 (D. Nev. Oct. 18, 2016). If State Farm stipulates to the existence of the contract, it can move for summary judgment on the unjust enrichment claim. At this point, however, I deny State Farm's motion to dismiss that claim.

**V. CONCLUSION**

IT IS THEREFORE ORDERED that State Farm's motion to dismiss **(ECF No. 6) is DENIED.**

DATED this 20th day of May, 2019.

ANDREW P. GORDON
UNITED STATES DISTRICT JUDGE