# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

| | |
|---|---|
| CINDY BRADEN, | Case No.: 2:18-cv-01741-APG-NJK |
| Plaintiff | **Order Overruling Objections to Magistrate Judge's Order Regarding Discovery Deadlines** |
| v. | |
| STATE FARM MUTUAL AUTO INSURANCE COMPANY, | [ECF No. 23] |
| Defendant. | |

On December 18, 2018, Magistrate Judge Koppe denied the parties' second stipulation to extend discovery deadlines. ECF No 22. In the stipulation, the parties requested 60-day extensions for initial experts, the interim joint status report, rebuttal experts, the discovery cutoff, dispositive motions, and the joint proposed pretrial order. ECF No. 21. The parties argued that the extension was warranted because: (1) there was a pending motion to dismiss some causes of action, the determination of which would impact the discovery process; (2) the parties found it difficult to schedule depositions over the holiday period; and (3) the plaintiff needed additional treatment of injuries allegedly sustained in the accident, the treating physicians need to be deposed, but the treatment could not be scheduled until after some discovery deadlines would have passed. *Id.* Judge Koppe denied the request, noting that the parties appeared to be seeking a stay of discovery pending the resolution of the motion to dismiss. Judge Koppe invited the parties to request a stay if they saw fit. ECF No. 22.

Defendant State Farm objected to Judge Koppe's ruling, arguing that courts usually grant stipulations to extend discovery and the parties had good cause in seeking an extension, so the denial was contrary to law. ECF No. 23. Alternatively, State Farm suggests that Judge Koppe's

decision may have simply been an oversight, as their stipulation did not mention anything about seeking a stay of litigation. *Id.* Plaintiff Cindy Braden joined the objection. ECF No. 24.

A magistrate judge's ruling on a pretrial matter such as a stipulated extension may be reconsidered only if it "has been shown [that] the magistrate judge's order is clearly erroneous or is contrary to law." Local Rule IB 3-1(a); Fed. R. Civ. Proc. 72(a); 28 U.S.C.A. § 636(b)(1). A magistrate judge's order is "clearly erroneous" if the district court has "a definite and firm conviction that a mistake has been committed." *See United States v. U.S. Gypsum Co.,* 333 U.S. 364, 395 (1948); *Burdick v. Comm'r IRS,* 979 F.2d 1369, 1370 (9th Cir. 1992). The magistrate judge "is afforded broad discretion, which will be overruled only if abused." *Columbia Pictures, Inc. v. Bunnell,* 245 F.R.D. 443, 446 (C.D. Cal. 2007). The district judge "may not simply substitute its judgment" for that of the magistrate judge. *Grimes,* 951 F.2d at 241 (citing *United States v. BNS, Inc.,* 858 F.2d 456, 464 (9th Cir. 1988)).

I have reviewed Magistrate Judge Koppe's ruling, the parties' objections, and the underlying papers. Her order is not clearly erroneous or contrary to law. Therefore, Magistrate Judge Koppe's ruling **(ECF No. 22) is affirmed**, and the parties' objections **(ECF Nos. 23; 24) are overruled**.

DATED this 21st day of May, 2019.

_____
ANDREW P. GORDON
UNITED STATES DISTRICT JUDGE